RUSS, AUGUST & KABAT
Reza Mirzaie, State Bar No. 246953
rmirzaie@raklaw.com
Minna Y. Chan, State Bar No. 305941
mchan@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:   (310) 826-7474
Facsimile:(310) 826-6991

Attorneys for Plaintiff
QC MANUFACTURING, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QC MANUFACTURING, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SOLATUBE INTERNATIONAL, INC., a Delaware corporation; BRIGHTER CONCEPTS, INC. DBA SOLATUBE HOME DAYLIGHT, a California corporation; and DOES 1-9 inclusive,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff QC Manufacturing, Inc., as and for its complaint against Defendants Solatube International, Inc. and Brighter Concepts, Inc. DBA Solatube Home Daylight (collectively, "Solatube" or "Defendants"), alleges as follows:

## PARTIES

1.     Plaintiff QC Manufacturing, Inc. ("QC") is a California corporation with its principal place of business at 43352 Business Park Drive, Temecula, California 92590.

RUSS, AUGUST & KABAT

2.     On information and belief, Defendant Solatube International, Inc. ("Solatube International, Inc." or "Solatube" or "Defendant" or "Defendants") is a Delaware corporation with its principal place of business at 2210 Oak Ridge Way, Vista, California 92081 and 2372 Morse Avenue, Irvine, California 92614. On information and belief, this entity is at leasy partly owned and managed by David Windsor Rillie and also managed by Bob Wesfall.

3.     On information and belief, Defendant Brighter Concepts, Inc. DBA Solatube Home Daylight ("Solatube Home Daylight", or "Solatube" or "Defendant" or "Defendants") is wholly-owned subsidiary of Solatube International, Inc. On further information and belief, Solatube Home Daylight is a California corporation with places of business at 2210 Oak Ridge Way, Vista, California 92081 and 2372 Morse Avenue, Irvine, California 92614. On information and belief, this entity is at leasy partly owned and managed by David Windsor Rillie and also managed by Bob Wesfall.

## JURISDICTION AND VENUE

4.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 *et seq.* and 281-285. Subject matter jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1381 and 1338(a).

5.     This Court has personal jurisdiction over Defendants in this action including because Defendants have committed acts within the Central District of California giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, selling and offering to sell products and/or services that infringe the asserted patents.

6.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1400(a), and 1400(b). On information and belief, Defendants reside in the Central District of California, have committed acts of infringement in the Central District of California, and have a regular and established place of business in the Central District of California.

## NATURE OF THE ACTION

7.     QC is the owner of United States Patent No. 10,753,627 entitled "Air Cooling System for a Building Structure" (the "'627 patent" or "Asserted Patent"). The '627 patent was duly and legally issued by the United States Patent and Trademark Office on August 25, 2020. A true and correct copy of the '627 patent is attached as Exhibit A.

8.     Defendants have infringed and continue to infringe one or more claims of the Asserted Patent.

## Cause of Action

## Infringement of the '627 Patent

9.     QC re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

10.     On information and belief, Solatube has infringed and is currently infringing one or more claims of the '627 patent, including claims 10 and 22, in violation of 35 U.S.C. § 271.

11.     Solatube has infringed and is currently infringing, literally and/or under the doctrine of equivalents, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, whole house fan systems falling within the scope of one or more claims of the '627 patent, including claims 10 and 22.

12.     Solatube's acts of making, using, offering for sale, selling, and/or importing infringing whole house fan systems satisfy, literally and/or under the doctrine of equivalents, each and every claim limitation, including but not limited to

RUSS, AUGUST & KABAT

the limitations of exemplary claims 10 and 22.[1] For example, see Exhibits B and C, which are incorporated herein by reference.[2]

13.     Solatube has also indirectly infringed and continues to indirectly infringe the '627 patent by active inducement under 35 U.S.C. § 271(b).

14.     On information and belief, Solatube had knowledge of the '627 patent at least as early as November 10, 2020.

15.     On information and belief, Solatube intended and continues to intend to induce patent infringement by its customers, and has had knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringement. For example, Solatube encourages and instructs its customers to use Solatube's infringing whole house fan systems through materials and information made available to the customers, including product manuals and technical information. By using the Solatube's infringing products, Solatube's customers directly infringe at least claims 10 and 22 of the '627 patent. By continuing to provide instructions to its customers on how to use the infringing products as claimed in claims 10 and 22 of the '627 patent, and by continuing to encourage such use, Solatube has intended and continues to specifically intend to induce infringement of the '627 patent.

16.     On information and belief, Solatube's infringement of the '627 patent is and has been willful, as Solatube intentionally sought to copy QC's patented QuietCool whole house fan system and was aware of the '627 patent at least as early as November 10, 2020.

---

[1] QC reserves the right to identify additional asserted claims as this litigation proceeds. For example, QC expressly reserves the right to identify additional asserted claims in its infringement contentions to be served during the discovery process.

[2] Exhibits B and C are exemplary claim charts showing Solatube's infringement on a limitation-by-limitation basis for exemplary claims 10 and 22. QC reserves the right to modify these exemplary charts as litigation proceeds, for example when QC serves its infringement contentions during the discovery process.

COMPLAINT

RUSS, AUGUST & KABAT

17.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '627 patent.

18.     Despite Defendants' knowledge of the Asserted Patent and its infringing activities, Defendants continue to make, use, market, offer for sale, and/or sell in the United States whole house fan systems that infringe the Asserted Patent. Defendants have continued to infringe in wanton disregard of QC's patent rights.

19.     Defendants' continued infringement of the Asserted Patent has damaged and will continue to damage QC.

20.     As a result of Defendants' acts of infringement, QC has suffered actual and consequential damages; however, QC does not yet know the full extent of the infringement. The extent of Defendants' infringement and damages suffered by QC cannot be ascertained except through discovery and special accounting. To the fullest extent permitted by law, QC seeks recovery of damages at least for reasonable royalties, unjust enrichment, and benefits received by Defendants as a result of infringing the patents-in-suit, together with interest and costs as fixed by the Court. QC is also entitled to enhanced damages based on Solatube's willful infringement of the '627 patent. QC further seeks any other damages to which QC is entitled under law or in equity.

21.     QC has been irreparably harmed by Defendants' acts of infringement. QC will continue to be irreparably harmed unless and until a permanent injunction is issued by this Court enjoining Solatube and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '627 patent. QC has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed upon Defendants are less than those faced by QC should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

### **PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

RUSS, AUGUST & KABAT

1.      A judgment that Solatube has infringed one or more claims of the '627 patent;

2.      A permanent injunction enjoining Solatube and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Solatube, from infringing the '627 patent;

3.      An award of damages resulting from Solatube's acts of patent infringement in accordance with 35 U.S.C. § 284;

4.      Enhanced damages for Solatube's willful infringement of the '627 patent;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to QC its reasonable attorneys' fees against Solatube;

6.      A judgment and order requiring Solatube to provide accountings and to pay supplemental damages to QC, including, without limitation, prejudgment and post-judgment interest;

7.      For the costs of suit incurred herein; and

8.      Any and all other relief as the Court may deem proper.

## **JURY TRIAL DEMANDED**

QC hereby demands a trial by jury of all issues so triable.


DATED:  November 19, 2020          RUSS, AUGUST & KABAT
Reza Mirzaie
Minna Y. Chan


By: */s/ Reza Mirzaie*
Reza Mirzaie
Attorneys for QC MANUFACTURING, INC.